CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
<u>Mail</u>: PO Box 262490
San Diego, CA 92196-2490
<u>Delivery</u>: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Shirley Lindsay**,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>**Northridge Center Partnership,** a California Limited Partnership;<br>**VDA Property Company,** a California Corporation;<br>**Cathay Bank,** a California Corporation; and Does 1-10,<br><br>　　　　Defendants. | **Case No**.<br><br>**Complaint For Damages And Injunctive Relief For Violations Of**: American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Shirley Lindsay complains of Defendants Northridge Center Partnership, a California Limited Partnership; VDA Property Company, a California Corporation; Cathay Bank, a California Corporation; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. She suffers from arthritis (osteoarthritis of multiple joints; spinal stenosis of the lumbar

Complaint

spine; and essential hypertension) of her hands, knees, and hips. She uses both a cane and wheelchair for mobility.

2. Defendants Northridge Center Partnership, and VDA Property Company owned the property located at or about 9045 Corbin Ave, Northridge, California, in February 2015.

3. Defendants Northridge Center Partnership, and VDA Property Company owned the property located at or about 9045 Corbin Ave, Northridge, California, in June 2015.

4. Defendants Northridge Center Partnership, and VDA Property Company owned the property located at or about 9045 Corbin Ave, Northridge, California, in April 2016.

5. Defendants Northridge Center Partnership, and VDA Property Company owned the property located at or about 9045 Corbin Ave, Northridge, California, in May 2016.

6. Defendants Northridge Center Partnership, and VDA Property Company own the property located at or about 9045 Corbin Ave, Northridge, California, currently.

7. Defendant Cathay Bank, a California Corporation, owned the Cathay bank ("Bank") located at or about 9045 Corbin Ave, Northridge, California, in February 2015.

8. Defendant Cathay Bank, a California Corporation, owned the Cathay bank ("Bank") located at or about 9045 Corbin Ave, Northridge, California, in June 2015.

9. Defendant Cathay Bank, a California Corporation, owned the Cathay bank ("Bank") located at or about 9045 Corbin Ave, Northridge, California, in April 2016.

10. Defendant Cathay Bank, a California Corporation, owned the Cathay bank ("Bank") located at or about 9045 Corbin Ave, Northridge, California,

Complaint

in May 2016.

11. Defendant Cathay Bank, a California Corporation, owns the Cathay bank ("Bank") located at or about 9045 Corbin Ave, Northridge, California, currently.

12. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

14. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

15. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

Complaint

**FACTUAL ALLEGATIONS:**

16. The Plaintiff went to the Bank at least four times during the relevant statutory period, including recently in May 2016 so that she could open a college savings account for her grandchild.

17. The Bank is a facility open to the public, a place of public accommodation, and a business establishment.

18. Parking spaces are one of the facilities, privileges and advantages offered by defendants to their customers at the Bank.

19. Unfortunately, the parking stalls and access aisles for use by persons with disabilities are not level with each other because there is a built up curb ramp that runs into the access aisle and parking stall. This results in slopes greater than 2.1%.

20. There are no accessible parking spaces in front of the Bank for persons with disabilities that complied with the Americans with Disability Act Accessibility Guidelines (ADAAG) during the relevant statutory period.

21. The plaintiff personally encountered this problem.

22. This inaccessible condition denied the plaintiff full and equal access and caused her difficulty and frustration.

23. Plaintiff would like to return and patronize the Bank.

24. Plaintiff lives in Los Angeles County and shops, eats, seeks services, and otherwise patronizes businesses throughout the County.

25. The Bank is conveniently located for plaintiff.

26. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

27. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in

fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

28. Plaintiff is and has been eager to return and patronize the Bank but because of her knowledge of the illegal barriers that exist she continues to be discriminated against. Plaintiff will, nonetheless, return to the business to assess ongoing compliance with the ADA and will return to patronize the Bank as a customer once the barriers are removed.

29. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to her disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once she conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to her disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to her disability removed regardless of whether she personally encountered them).

30. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

Complaint

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiffs and against all defendants (42 U.S.C. section 12101, et seq.)

31. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

32. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

   a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

   b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

   c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by

Complaint

individuals with disabilities. 42 U.S.C. § 12183(a)(2).

33. Under the 1991 Standards, parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2%) in all directions. 1991 Standards § 4.6.2. Here, the access aisle is not level and has a ramp taking up part of the access aisle. Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 Standards 502.4. "Access aisle are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory. Specifically, built up curb ramps are not permitted to project into access aisles and parking spaces. Id. No more than a 1:48 slope is permitted. 2010 Standards § 502.4.

34. Here the failure to provide level parking is a violation of the law.

35. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

36. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

37. Given its location and options, plaintiff will continue to desire to patronize the Bank but she has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ § 51-53)

38. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

Complaint

39. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

40. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.

Dated: July 15, 2016                CENTER FOR DISABILITY ACCESS

By: _____
Mark Potter, Esq.
Attorneys for Plaintiff